UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

LOUIS GEROYIANIS,

                      Petitioner,

      -vs-

PAUL CHAPPIUS, JR.,
Superintendent,

                     Respondent.

**No. 6:14-CV-06363 (MAT)**
**DECISION AND ORDER**

———————————————————————

## I.   Introduction

Louis Geroyianis ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A jury convicted petitioner of burglary in the second degree (N.Y. Penal Law § 140.25), grand larceny in the third degree (N.Y. Penal Law § 155.35), and criminal possession of stolen property ("CPSP") in the third degree (N.Y. Penal Law § 165.50). On June 15, 2012, the New York State Supreme Court, Appellate Division, Fourth Department, modified petitioner's judgment of conviction by reducing the larceny count to grand larceny in the fourth degree and the CPSP count to CPSP in the fourth degree. The Fourth Department also reduced petitioner's sentence on the burglary count, from the trial court's original sentence of an indeterminate term of 22 years to life, to an indeterminate term of 16 years to life.

## II.   Factual Background and Procedural History

By indictment number 02258-2009, an Erie County grand jury charged petitioner with burglary in the second degree, grand larceny in the third degree, and criminal possession of stolen property in the third degree. The charges arose from a July 13, 2009 incident in which petitioner broke into the apartment of Steven Jermain and stole various electronic items. At trial, Jermain, who was petitioner's next-door neighbor, testified that he was out of his apartment for an approximate four-hour period of time on date of the burglary and that when he returned, the following items were missing from his residence: approximately 150 to 160 DVDs, a DVD player, computer accessories, and a laptop computer bearing a Harley Davison sticker. David Starks, an acquaintance of petitioner's, testified that in the early afternoon of July 13, petitioner arrived at his house carrying a laptop computer and dozens of DVDs, which items petitioner informed the Starks were "hot." T. 154.[1] While at Starks' residence, petitioner peeled a Harley Davidson sticker off the laptop, which Starks gave to police and Jermain later identified to be the sticker from his laptop. A forensic serologist also testified that petitioner could not be excluded as a contributor to the DNA profiles found on the

---

[1] References to "T." are to the trial transcript, which was filed manually by respondent in this case.

power strip into which the stolen laptop computer had been plugged in Jermain's apartment.

The jury convicted petitioner as charged. On October 8, 2010, Judge M. William Boller sentenced petitioner, as a persistent violent felony offender, to a term of 22 years to life on the larceny count, and two and one-third to seven years on each of the remaining two counts, all sentences to run concurrently. Petitioner filed a counseled direct appeal to the New York State Supreme Court, Appellate Division, Fourth Department, contending that his convictions were based on legally insufficient evidence and against the weight of the evidence, the trial court failed to meaningfully respond to a jury note, and his sentence was excessive. On June 15, 2012, the Fourth Department unanimously modified the judgment to reduce the larceny and CPSP counts as outlined above, and reduced the sentence on the burglary count to the statutory minimum of 16 years to life. As modified, the judgment was unanimously affirmed. See People v. Geroyianis, 96 A.D.3d 1641 (4th Dep't 2012), lv. denied, 19 N.Y.3d 996, reconsideration denied, 19 N.Y.3d 1102.

Petitioner filed a motion for a writ of error coram nobis on September 11, 2013, alleging ineffective assistance of appellate counsel. That motion was denied, as was leave to appeal. See People v. Geroyianis, 111 A.D.3d 1366 (4th Dep't 2013), lv. denied, 22 N.Y.3d 1138 (2014), reconsideration denied, 23 N.Y.3d 962.

## III. The Federal Habeas Proceeding

This timely habeas petition followed, in which petitioner contends that (1) trial and appellate counsel were ineffective; and (2) his burglary conviction was based on legally insufficient evidence and against the weight of the evidence.

## IV. Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Superior Court for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

## V. Grounds Asserted in the Petition

### A.   Ineffective Assistance of Counsel

Petitioner contends that trial and appellate counsel were ineffective. Specifically, petitioner argues that trial counsel failed to register timely objections to instances of prosecutorial

4

misconduct, which he alleges consisted of the prosecutor improperly denigrating the defense, acting as an unsworn witness, vouching for and bolstering the credibility of prosecution witnesses, and improperly eliciting testimony from a police witness. Petitioner also contends that appellate counsel was ineffective for failure to raise ineffective assistance of trial counsel for trial counsel's failure to raise timely objections to alleged errors in the court's response to jury notes and to inquire as to whether DNA "charts" were provided to the jury. Doc. 1 at 6-7.

Petitioner's claim of ineffective assistance of trial counsel is unexhausted because he failed to raise it on direct appeal. It is also procedurally barred from review by New York State courts because all of his claims of prosecutorial misconduct would be apparent from the record, and so could have been raised on direct appeal. See, e.g., Jones v. Lape, 2010 WL 3119514, *12 (N.D.N.Y. May 28, 2010), report and recommendation adopted, 2010 WL 3118661 (N.D.N.Y. Aug. 5, 2010) (noting that under similar facts, ineffective assistance claim "would be barred by procedural default under [New York Criminal Procedure Law] § 440.10(2)(c)"). Petitioner has not alleged cause and prejudice to overcome the procedural default. Moreover, for purposes of the miscarriage-of-justice exception, he has made no factual showing that he is "'actually innocent' (meaning factually innocent) of the crime for which he was convicted." Carvajal v. Artus, 633 F.3d 95,

108 (2d Cir. 2011) (citing <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)). Accordingly, the claim of ineffective assistance of trial counsel is procedurally defaulted from habeas review and dismissed on that basis.

Petitioner raised his claim of ineffective assistance of appellate counsel in his coram nobis motion dated September 11, 2013. All of petitioner's claims in this regard revolve around a jury note in which the jury requested to review an exhibit consisting of a DNA analysis chart. The record reflects that the trial court received two notes from the jury, the first requesting to see a "[DNA] chart," and the second informing the court that the jury had reached a verdict. T. 318. There is no indication in the record that the jury's note regarding the DNA chart was ever addressed, because it was apparently superceded by the note announcing that a verdict had been reached.

On direct appeal, the Fourth Department held that this issue was unpreserved, and in any event, lacked merit. See <u>Geroyianis</u>, 96 A.D.3d at 1643. Appellate counsel was not ineffective for failing to raise this unpreserved issue. See <u>Montalvo v. Annetts</u>, 2003 WL 22962504, *27 (S.D.N.Y. Dec. 17, 2003) (noting that "[a]ppellate counsel's failure to raise an unpreserved claim . . . does not constitute ineffective assistance," and collecting cases). Therefore, this claim is dismissed.

**B.    Sufficiency and Weight of the Evidence**

Petitioner contends that the verdict was not supported by sufficient evidence and was against the weight of the evidence, arguing that the "entire case rested on" the testimony of his acquaintance, Starks, who did not physically witness the crime. Initially, the Court notes that petitioner's "weight of the evidence" claim is not cognizable in this habeas proceeding. See Mobley v. Kirkpatrick, 778 F. Supp. 2d 291, 311 (W.D.N.Y. 2011) ("Federal courts routinely dismiss claims attacking a verdict as against the weight of the evidence on the basis that they are not federal constitutional issues cognizable in a habeas proceeding.") (citing, inter alia, Ex parte Craig, 282 F. 138, 148 (2d Cir. 1922) (holding that "a writ of habeas corpus cannot be used to review the weight of evidence . . ."), aff'd, 263 U.S. 255 (1923)).

Regarding legal sufficiency, due process requires that the prosecution establish a defendant's guilt as to all elements of a criminal offense beyond a reasonable doubt. See In re Winship, 397 U.S. 358, 364 (1970). A verdict will be deemed consonant with due process principles if, after viewing the evidence in the light most favorable to the prosecution, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Thus, a petitioner "bears a very heavy burden" when challenging the sufficiency of the evidence supporting his state

criminal conviction. <u>Einaugler v. Supreme Court of the State of New York</u>, 109 F.3d 836, 840 (2d Cir. 1997).

Under New York Penal Law § 140.25, "[a] person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when ... [t]he building is a dwelling." Notably, in this case, the Fourth Department found that the evidence was *insufficient* to support petitioner's convictions of grand larceny in the third degree and CPSP in the third degree, and reduced those convictions accordingly. However, the Fourth Department found that legally sufficient evidence supported petitioner's conviction of burglary in the second degree. In so deciding, the court reviewed the testimonial and physical evidence discussed above, noting specifically that "the element of identity was established by a compelling chain of circumstantial evidence that had no reasonable explanation except that defendant was . . . the perpetrator[]" (quoting <u>People v Brown</u>, 92 A.D.3d 1216, 1217 (2012), <u>lv. denied</u>, 18 N.Y.3d 992 (2012)). The Fourth Department's decision on this point was not unreasonable in light of applicable Supreme Court precedent.

## VI. Conclusion

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied, and the petition (Doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the

denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is requested to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**


**S/Michael A. Telesca**

_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated:      November 19, 2015
            Rochester, New York.